UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Plaintiff,

v.                                                                  CASE NO. 3:24-cv-553-MMH-SJH

STATE OF FLORIDA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion"). Doc. 2. For the reasons stated herein, I **recommend** that the Motion be **denied** and that this case be **dismissed without prejudice**.

**I.    Background**

On July 1, 2024, the Honorable Judge Joel B. Toomey, the Magistrate Judge previously assigned to this case, entered an Order taking the Motion under advisement ("Order"). Doc. 6. The Order stated in part that "[o]n or before July 24, 2024, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law." *Id.* at 4. The Order also warned that Plaintiff's failure to do so would result in a recommendation "that the District Judge deny the Motion and dismiss this action." *Id.* Plaintiff has not filed an amended complaint, or anything else, in response to the Order.

## II. Standard

Under the *in forma pauperis* statute, a court may authorize the commencement of a case without prepayment of fees by a litigant who submits an affidavit showing he is unable to pay them. 28 U.S.C. § 1915. Even assuming Plaintiff meets the financial criteria to proceed *in forma pauperis*, however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also *sua sponte* dismiss an action if, at any time, it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me

2

accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). As part of the § 1915 review, claims may be dismissed if asserted against a defendant with immunity. *See Caldwell v. Downs,* 789 F. App'x 183, 185-86 (11th Cir. 2019);[1] *Sharp v. City of Huntsville, Ala.*, 730 F. App'x 858, 859-60 (11th Cir. 2018). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).

### III.    Analysis

As Judge Toomey explained in the Order, even liberally construed, Plaintiff's Complaint (Doc. 1) is deficient for several reasons. Doc. 6 at 3-4. The Order noted that "[l]iberally construing the Complaint, it appears that Plaintiff is attempting to assert a civil rights claim on behalf of his husband" against a county court judge and the state of Florida for setting an excessively high bond and refusing to listen to Plaintiff. *Id.* at 3. The Order explained that: (i) Plaintiff likely lacks standing to bring a claim on behalf of another person; (ii) Plaintiff fails to state a claim against either Defendant or allege

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

how either might be liable to Plaintiff; (iii) the state-court judge sued by Plaintiff has judicial immunity; (iv) the Complaint's allegations "are wholly conclusory"; and (v) the Court lacks authority to order relief sought by Plaintiff, including that charges be dropped or that a judge be removed from the bench. *Id.* at 3-4 & n.3.[2] I agree with each of these assessments.

Notably, Judge Toomey provided Plaintiff with an opportunity to amend the Complaint to cure the deficiencies noted in the Order, if possible, on or before July 24, 2024. Doc. 6 at 4. However, Plaintiff did not file an amended complaint or otherwise attempt to cure the deficiencies. Therefore, I recommend that the Motion be denied and that the Complaint be dismissed without prejudice.[3]

Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 2) be **denied**.

2. This case be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and

---

[2] Plaintiff's Complaint seeks (i) an order mandating dismissal of charges against Plaintiff's husband; (ii) damages; and (iii) an order to remove a sitting judge. Doc. 1 at 4. As Judge Toomey explained, federal courts lack authority to award the first and third categories of relief. With respect to the second category (damages), in addition to the judicial immunity explained by Judge Toomey, it appears sovereign immunity also bars a claim against the state of Florida. *See Gilbert v. Fla. Dep't of State*, 855 F. App'x 501, 502-03 (11th Cir. 2021); *Peart v. State*, No. 8:23-cv-1527-CEH-AAS, 2024 WL 2991197, at *2 (M.D. Fla. June 14, 2024). Judge Toomey did not purport in his Order to address all the "numerous deficiencies in Plaintiff's Complaint." Doc. 6 at 3 n.2. Nor do I here.

[3] The Order warned of a possible dismissal of this action. Doc. 6 at 4. Given that some of the deficiencies, including lack of standing and sovereign immunity, are jurisdictional, I recommend an explicit dismissal without prejudice. *See Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024)

close the file.

### Notice

Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on August 15, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:
The Honorable Marcia Morales Howard, United States District Judge
*Pro se* Plaintiff